IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN PRESTON PRATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-21-1010-F |
| ) | |
| WALMART INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Ryan Preston Pratt (Pratt) brings this negligence suit against Defendant Walmart Inc. (Walmart) seeking monetary relief for injuries sustained after an attack by a third-party in Walmart's parking lot. Walmart has moved for summary judgment, pursuant to Rule 56, Fed. R. Civ. P., and LCvR56.1, on Pratt's negligence claim, arguing that it owed no duty to protect Pratt from the third-party's criminal acts. *See*, doc. no. 44. It also has moved for summary judgment on Pratt's punitive damages request, arguing that Pratt cannot recover punitive damages without a viable negligence claim or without evidence that Walmart acted in reckless disregard for the rights of others. Upon review of Walmart's motion, Pratt's response (doc. no. 63) and Walmart's reply (doc. no. 71), the court concludes that Walmart's motion should be denied.

I.

Under Rule 56(a), a "party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Summary judgment is appropriate "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P.  In conducting its review, the court views the evidence and draws reasonable inferences in a light most favorable to Pratt, the nonmoving party.  Shotts v. GEICO General Insurance Company, 943 F.3d 1304, 1314 (10th Cir. 2019).  Because the court's subject-matter jurisdiction is based on diversity jurisdiction, the court applies Oklahoma substantive law.  Id.

II.

Under Oklahoma law, Pratt must prove three essential elements to prevail on his negligence claim.  Specifically, he must prove: "(a) a duty owed by [Walmart] to protect [him] from injury, (b) a failure to properly exercise or perform that duty, and (c) [his] injuries proximately caused by [Walmart's] failure to exercise [its] duty of care."  Thompson v. Presbyterian Hosp., Inc., 652 P.2d 260, 263 (Okla. 1982).  Walmart's motion challenges Pratt's ability to satisfy the first element of his claim—duty.

As to whether a business owner owes a duty to protect its business invitees from criminal acts of third parties, Oklahoma follows section 344 of the Restatement (Second) of Torts (1965), including Comment f.  Bray v. St. John Health System, Inc., 187 P.3d 721, 723-25 (Okla. 2008).

Section 344 provides:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, *for physical harm* caused by the accidental, negligent, or *intentionally harmful acts of third persons* or animals, and by the failure of the possessor to exercise reasonable care to

2

> (a) discover that such acts are being done or are likely to be done, or
>
> (b) give a warning adequate to enable visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965) (emphasis added).

> Comment f to section 344 provides in relevant part:
>
>> Since the possessor [of land] is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. *He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.*

Restatement (Second) of Torts § 344 cmt. f (1965) (emphasis added).

In its motion, Walmart argues that it did not owe a duty to protect Pratt from, or warn Pratt about, the third-party's attack because it did not "know or [have] reason to know" that Pratt would be attacked by the third-party in its parking lot. The attack, on July 21, 2018 at 12:30 a.m., appears to have been an unprovoked assault which occurred with little or no warning either to the victim or to Walmart. According to Walmart, there is no evidence that the third-party threatened other patrons before he attacked Pratt, and there is no evidence that the

third-party engaged in any suspicious behavior, such as threatening words or actions, toward Pratt before he attacked him. Although Walmart acknowledges that in light of the Bray decision, Oklahoma additionally follows the latter portion (emphasized language) of comment f, it contends that the facts and circumstances of this case do not warrant its application.

In opposing summary judgment, Pratt primarily relies upon the latter portion of comment f. Pratt argues that based upon the "place"[1] and "character"[2] of Walmart's business as well as its "past experience," *i.e.*, history of crime events on its premises, Walmart owed a duty to protect him from or warn him about the third-party's criminal acts. He also relies upon section 344(a), arguing that Walmart had a duty to exercise reasonable care to ascertain that criminal acts of third persons were being committed or were likely to occur on its premises.

Walmart in reply contends that Pratt has not established why the place or character of its business would give rise to a duty to protect or warn him. As to a history of crime events, Walmart maintains that Pratt does not rely upon the three incidents involving an assault in the relevant period (January 1, 2014 to July 20, 2018) that were reported to and documented by Walmart. Instead, Pratt relies upon hearsay police call logs as well as police incident reports when there is no evidence that those incidents were reported to Walmart. It also notes that many

---

[1] Pratt points out that the Walmart store was in Shawnee, Oklahoma, on a "highly traveled service road" adjacent to Interstate 40. According to Pratt, there were opportunities for "ingress and egress from almost unlimited pathways" and "a vast open field" in the back, with no fence, and at least one known "encampment in that field" which had been the "source of trouble in the past." It also was adjoined by a gas station, a restaurant and a large shopping center and a motel. Doc. no. 63, ECF p. 30.

[2] Pratt points out that the Walmart store was open 24 hours a day, was the largest retailer in the city, and attracted a wide variety of individuals.

of the hearsay call log entries relate to events occurring after the date of the assault on Pratt.

As the parties acknowledge, the Oklahoma Supreme Court in Bray adopted the latter portion of comment f. The plaintiff in that case was kidnapped at knifepoint in a hospital parking garage, driven in the assailant's van to another location, and raped. Bray, 187 P.3d at 723. She and her husband sued the hospital for negligence. *Id*. The trial court granted summary judgment to the hospital, rejecting the plaintiffs' argument that past criminal activity in the parking garage was such that the hospital should reasonably anticipate criminal activity and afford reasonable protection against it. *Id*. The Court of Civil Appeals affirmed the trial court, holding that Oklahoma law did not impose that duty on a landowner. But the Oklahoma Supreme Court reversed, determining that the "latter portion of comment f will be applied when the facts so warrant" and that it did apply to the facts of the case. *Id*. at 724-25. It found that the evidentiary materials attached to the plaintiff's response to the motion for summary judgment demonstrated the hospital's knowledge of several incidents occurring in the hospital's parking lots or garages during the year preceding the plaintiff's abduction and rape. *Id*. at 725. These prior incidents included assault, battery, abduction, robbery by force, and/or armed robbery. *Id*. The Oklahoma Supreme Court found that "the place and character of [the hospital's] parking garage and [the hospital's] past experience with a high rate of crime on its property gave rise to a duty to provide adequate precautions against criminal activity in its parking garage." *Id*.

Upon review of the record, in a light most favorable to Pratt, the court concludes that there is sufficient evidence from which Walmart, from past experience, should have reasonably anticipated criminal conduct of third persons.

The record reveals that during the year preceding Pratt's assault, the Shawnee Police Department had responded to this Walmart store for a number of criminal incidents occurring in the parking lot, including auto burglary, disturbing the peace, stolen vehicle, larceny, assault and battery, and a stabbing with a knife. See, doc. no. 63-4,[3] doc. no. 63-7.[4]  The record also reveals several incidents of assault, assault and battery, and robbery, beginning in 2014 until the year preceding Pratt's attack.  In the court's view, Walmart's "past experience with a high rate of crime on its property gave rise to a duty to provide adequate precautions against criminal activity in its parking [lot]." Bray, 187 P.3d at 725.[5] Therefore, the court concludes that Walmart is not entitled to summary judgment on the issue of duty.  See, Clark v. Penn Square Mall Ltd. Partnership, No. CIV-10-0029-C, 2013 WL 599569, at *1 (W.D. Okla. Feb. 13, 2013) (holding that defendants' knowledge of a number of criminal incidents that occurred at the mall in recent years, including multiple thefts and robberies and at least one physical assault the same month the plaintiff was sexually assaulted, gave rise to a duty to provide adequate precautions against criminal activity in the garage).  To be sure, there is a lot of room for disagreement as to whether this particular assault– unfolding, as it did, rapidly and with little or no warning–was preventable.  But

---

[3] In its reply, Walmart objects to the court's consideration of the police call logs, doc. no. 63-2, on hearsay grounds.  However, it does not appear that Walmart objects to the court's consideration of the police incident reports.

[4] Although Walmart asserts in its reply that there is no evidence that all of the incidents identified in the reports were reported to it, all of the reports with regard to the referenced incidents indicate that the police responded to the Walmart store.

[5] Pratt has also submitted evidence from its expert opining that, after reviewing the police incident reports, crimes against persons were reasonably foreseeable at the Walmart store on or prior to Pratt's attack on July 21, 2018.  See, doc. no. 63-14, ECF p. 15.

6

the facts shown by the summary judgment record are sufficient, if by a narrow margin, to avoid summary judgment.

## III.

In its motion, Walmart also seeks summary judgment as to Pratt's request for punitive damages. Given the court's denial of summary judgment in favor of Walmart on the negligence claim, the court concludes that Walmart's challenge to Pratt's punitive damages request premised upon no viable negligence claim fails. As to its challenge premised on the absence of evidence that it acted in reckless disregard with respect to the rights of others, the court concludes that summary judgment is not appropriate.

Under Oklahoma law, a jury may award punitive damages if it finds by clear and convincing evidence that the "defendant has been guilty of reckless disregard for the rights of others." 23 O.S. § 9.1(B)(1). The Oklahoma Supreme Court has explained that punitive damages are allowable under § 9.1, when there is evidence "of reckless disregard toward another's rights from which malice and evil intent may be inferred." Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1106 (Okla. 2005). A defendant acts in reckless disregard of another's rights if defendant "was either aware, or did not care, that there was a substantial and unnecessary risk that [its] conduct would cause serious injury to others." Gowens v. Barstow, 364 P.3d 644, 652 (Okla. 2015) (quoting OUJI (Civil) No. 5.6). "Oppressive intent may also be inferred from 'complete indifference to consequences,' 'conscious or reckless disregard of the safety of others,' or 'gross negligence.'" Payne v. Dewitt, 995 P.2d 1088, 1093 n. 17 (Okla. 1999) (quoting Graham v. Keuchel, 847 P.2d 342, 363 (Okla. 1993)).

On this record, it is tempting to grant summary judgment on the issue of punitive damages, and Walmart's challenge to Pratt's claim for punitive damages

may well be successful at the Rule 50 stage at trial (or, for that matter by way of jury verdict, resulting from a defense verdict on liability or from a split verdict). But the court's distinct preference, at this juncture, is to wait to see what inferences may reasonably be drawn from the evidence presented at trial. The court, accordingly, turns aside–for now–Walmart's challenge to Pratt's claim for punitive damages.

IV.

For the reasons stated, Defendant Walmart Inc.'s Motion for Summary Judgment (doc. no. 44) is **DENIED**. This case shall proceed to jury trial on the court's April trial docket.

DATED this 13th day of March, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-1010p022.docx

8